Saul S. Streit, J.
The petition to compel arbitration is made by the widow of a deceased party to the agreement containing the arbitration clause. That clause, by its express terms, is applicable only to disputes “ between the said parties or their representatives. ” The widow was not a party to the agreement. She does not claim to be a legal representative of her deceased husband. The agreement repeatedly distinguishes between the ‘ widow ” of a deceased party and the latter’s ‘ ‘ legal representative ” and does not treat these terms as synonymous. Had the intention of the parties been to extend the scope of the arbitration provision to disputes between the surviving partners and the widow of a deceased partner, they could easily have provided that disputes between the parties or their representatives or a “ widow ” were to be arbitrable. The omission of the word “widow” from the arbitration clause, notwithstanding the repeated use of that word in the provisions conferring substantive rights upon the ‘ widow ’ ’ of each deceased partner, must be deemed to indicate that the rights of a “widow” were to be enforced in courts of law and not by arbitration. Although the arbitration provision uses the term “ representatives ” and not the term “ legal representatives,” it seems fairly clear that the term “ representatives ” was intended to refer to legal representatives. In any event, it is not sufficiently clear that the term “representatives” was intended to include a widow, to warrant holding that the arbitration clause is applicable to the widow of a deceased party, particularly in the light of the fact that in the rest of the agreement the word “widow ” was used whenever.the intention was to refer to a widow. Since parties may not be compelled *778 to resort to arbitration unless their intent to arbitrate the dispute in question is clear, this motion to compel arbitration is denied. It is, accordingly, unnecessary to determine the claim that the provisions relied upon by petitioner are void as usurious.